UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>               Plaintiff,<br><br>    v.<br><br>CALIFORNIA PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM, et al.,<br><br>               Defendants. | No.  2:23–cv–839–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST;<br>ORDER DIRECTING SERVICE (AND<br>REQUEST FOR WAIVER OF SERVICE) BY<br>THE UNITED STATES MARSHAL<br><br>(ECF No. 2) |

      Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

      However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction over the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1    The court finds that plaintiff's complaint states a claim that is sufficiently cognizable to
2    survive this initial screening inquiry as against defendant CalPERS.[2]  Accordingly, the court
3    orders service of process on CalPERS by the U.S. Marshal.  See 28 U.S.C. § 1915(d).  However,
4    plaintiff must assist in providing the necessary information and materials for the Marshal to effect
5    service (see paragraphs 5 and 6 below for plaintiff's required next steps).

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

8    2.    Service of the complaint is appropriate for the following named defendants:

9         (i)    California Public Employees' Retirement System;

10   3.    The Clerk of Court shall issue forthwith all process pursuant to Federal Rule of
11         Civil Procedure 4 without prepayment of costs.  The Clerk shall send to plaintiff:

12         (i)    one copy of this order;

13         (ii)   one copy of the court's forthcoming order setting status conference;

14         (iii)  a copy of the Magistrate Judge Consent/Decline form for each named
15                defendant; and

16         (iv)   a summons and a USM-285 form (with related documents) for each named
17                defendant;

18   4.    The Clerk of Court is directed to serve a copy of this order on the U.S. Marshal;

19   ///
20   ///

---

[2] Service will not be ordered on defendant "State of California Department of Justice Office of the Attorney General," as the complaint states no facts indicating a claim exists against this entity. The facts in the complaint focus on irregularities in the distribution of plaintiff's pension by CalPERS.  While there may still exist legal issues to resolve against this entity, no facts are stated concerning Cal. DOJ's participation in the alleged acts.  As to CalPERS, the court reserves decision on the merits of plaintiff's claims until the record is sufficiently developed.  This order does not preclude CalPERS from challenging plaintiff's complaint through a timely motion under Rule 12 or other appropriate method.

Further, plaintiff appends a copy of a motion for cert filed with the U.S. Supreme Court in 2018 after her case was dismissed by the Cal. Court of Appeal 3d Dist.  See 2018 WL 2075998 (Cal. App. 3d 2018); cert. denied, Apr 15, 2019, 139 S. Ct. 1558.  However, this brief appears only to provide background to plaintiff's allegations, and does not provide further support for service on Cal. DOJ.

***Plaintiff's Required Submission of Documents to U.S. Marshal***

5. Within 30 days from the date of this order, plaintiff shall submit to the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) the following:
   (i) 1 copy of this order;
   (ii) 1 copy copies of the court's order setting status conference;
   (iii) 1 copy copies of the Magistrate Judge Consent/Decline form;
   (iv) A completed summons and completed USM-285 form for <u>each</u> defendant; and
   (v) 2 copies of the complaint;
6. Within 10 days of submitting these documents to the U.S. Marshal, plaintiff shall file with the court a statement indicating that the documents have been submitted;

***Marshal's Request for Waiver of Service***

7. Within 14 days of receipt of plaintiff's submitted documents, the U.S. Marshal shall notify each defendant of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c);
8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal within 30 days from the date the request was sent;
   a. Failure to return the signed waiver may subject a defendant to an order to pay service costs under Federal Rule of Civil Procedure 4(d)(2); and
   b. The filing of an answer or a responsive motion does not relieve a defendant of this requirement;
9. The U.S. Marshal shall file returned waivers of service of summons, as well as any requests for waivers that are returned as undelivered, as soon as they are received;

***Marshal's Service of Process***

10. If a defendant does not return a signed waiver of service of summons within 30 days from the date the waiver request was sent, the U.S. Marshal shall:
    a. Within 60 days of the expiration of the waiver deadline, personally serve

process—along with a copy of this court's order setting status conference, a Magistrate Judge Consent/Decline form, and a copy of this order—on each of the named defendants in accordance with Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), and shall command all necessary assistance from any last known employer of a defendant to execute this order.  The U.S. Marshal shall maintain the confidentiality of all information so provided pursuant to this order; and

　　b. Within 14 days after personal service is effected, file the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on the defendant.  Such costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

11. In the event the U.S. Marshal is unable, for any reason, to effect service on any defendant within this time frame, the Marshal shall report that fact, and the reasons for it, to the undersigned;

**<u>Miscellaneous Orders</u>**

12. Following service, or waiver of service, defendants shall reply to the complaint within the time provided in Federal Rule of Civil Procedure 12(a); and

13. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 17, 2023

halo.839

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE