UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>         Plaintiff,<br><br>     v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>         Defendants. | No.  2:23–cv–839–KJM–KJN PS<br><br>ORDER DENYING TRANSFER;<br>ORDER REGARDING SERVICE<br><br>(ECF No. 6) |

Plaintiff, who is proceeding without counsel in this action, previously requested leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  On May 18, 2023, the court granted plaintiff's application, screened the complaint, and found service to be proper on defendant CalPERS.  (ECF No. 3.)

Plaintiff now moves to change venue to the Northern District of California under 28 U.S.C. § 1404.  In her motion, she argues the interests of justice weigh in favor of transfer because no actions have been taken in this case since the court ordered service on defendant. Plaintiff notes her choice of forum is entitled to deference and states her motives for requesting transfer are irrelevant.  (ECF No. 6.)

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Courts have acknowledged there is nothing in § 1404(a) which limits the right of the plaintiffs to move for a change of venue. See, e.g., Bobosky v. Adidas AG, 2010 WL 4853295, at *5 (D. Or. Oct. 8, 2010); Torres v. Walsh, 221 F.2d 319 (2d Cir. 1955). Under Section 1404, the court is to consider a host of factors when deciding whether to transfer a case, including:

> (1) the location where the relevant events took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims.

See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

Here, the court cannot weigh the appropriate factors for the simple fact that defendant has yet to be served in this action. Plaintiff is correct that nothing has happened since the court approved service on CalPERS, but this is largely due to her own mistakes. In the order granting service, the court directed the Clerk to send the summons and USM-285 form to plaintiff, which the Clerk did. (See Docket at May 18, 2023, and ECF Nos. 4 and 5.) However, it appears these documents were returned to the court as undeliverable, indicating plaintiff failed to keep her address current with the court. (See Id. at Docket Entry for June 12, 2023.)

Further, once plaintiff received the documents from the Clerk, she was to fill them out and return them to the U.S. Marshal within 30 days so the Marshal could serve defendant. Plaintiff's motion to transfer indicates that, instead, she simply emailed the California Attorney General with a copy of the complaint and summons. This is not the proper way to effectuate service. Thus, the delays in the processing of this case fall at plaintiff's feet.

///

Returning to plaintiff's motion to transfer, the court requires more information from all parties before being able to weigh the relevant transfer factors. Based on what plaintiff has submitted, there is a strong indication plaintiff is simply engaging in forum shopping instead of following the court's orders on service. This is not a valid reason to transfer venue, regardless of her choice of forum. See, e.g., Chen v. Pioneer Oil, LLC, 472 F.Supp.3d 704 (N.D. Cal. July 16, 2020) (noting that if there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference). Once defendant has been properly served, plaintiff may resubmit her motion to transfer if she wishes, and the court will consider it alongside defendant's opposition (or non-opposition).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to transfer venue (ECF No. 6) is DENIED WITHOUT PREJUDICE;

2. Within 21 days of this order, plaintiff shall update her mailing address with the Clerk of the Court;

3. Once plaintiff updates her address, the Clerk shall reserve the documents on plaintiff as described in the court's prior order (ECF No. 3 at ¶ 3). Plaintiff will then be responsible for following the court's directives on returning the service documents to the Marshal (ECF No. 3 at ¶ 5). She will have 30 days from the Clerk's mailing to do so; and

4. Further failure to follow the court's local rules and orders (including keeping her mailing address current and following the instructions in this order) will result in a recommendation that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: July 18, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

halo.839