UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>          Defendants. | Case No. 2:23-cv-839-KJM-CSK (PS)<br><br>ORDER DENYING REQUEST FOR PACER FEE EXEMPTION<br><br>(ECF No. 16.) |

Plaintiff Shiela Halousek asserts claims against Defendant California Public Employees' Retirement System ("CalPERS") and "State of California Department of Justice Office of the Attorney General."[1] (*See* ECF No. 1.) Plaintiff requests the Court approve her request for exemption from fees for Public Access to Electronic Case Records ("PACER"). (ECF No. 16 (Pl. PACER Motion).) Plaintiff states she received a bill from the PACER administrator on October 13, 2023 for $51.70, for the quarter ending September 30, 2023. (*Id.* at 2.) Plaintiff states she was previously granted an exemption from charges because of her First Amendment rights. (*See id.*) Plaintiff previously requested and was granted leave to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915(a). (ECF Nos. 2, 3.)

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

     "With the [PACER] system, users can view and print case filings, judicial opinions, and other docket information from the federal trial, bankuptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). So that PACER's user fees do not impair public access to the courts, Congress directed the Judicial Conference of the United States to provide for exemptions to "persons or classes of persons for whom fees would be an unreasonable burden. *Id.* (citation omitted). The current PACER Fee Schedule provides for the following automatic exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
- Parties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.

*See* Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed May 31, 2024). Beyond these automatic exemptions, courts have discretion to allow for a PACER exemption to "indigents, bankruptcy case trustees, pro bono attorneys, pro bono alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions." *Id*. To grant such an exemption, the court must find that the individual seeking a fee waiver has shown necessity "in order to avoid unreasonable burdens," as well as that "the defined research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes." *See id.*

     Here, Plaintiff asserts a right to a fee waiver given her in forma pauperis status, her previous exempt status, and her general First Amendment right to meaningful access to the courts. (ECF No. 16.) These reasons do not sufficiently demonstrate why it would be unreasonably burdensome for her to pay any incurred PACER fees, much less

that her access is intended for scholarly research. Courts in the Ninth Circuit reject a finding of necessity solely on the basis of a litigant's in forma pauperis status. *See Katumbusi v. Gary*, 2014 WL 5698816, *4 (E.D. Cal. Oct. 30, 2014). Further, the Judicial Conference has provided litigants with meaningful access to the courts by directing for the sending of a free electronic or mailed copy of all orders and documents filed with the court. Finally, Plaintiff does not provide enough information for the Court to rely on her assertion that her fee status changed, as it is unclear why such an exemption would have been allowed previously. It is possible Plaintiff was not, in fact, exempted previously, but instead was simply not billed before October 2023 because she only accessed documents filed in her own cases, only accessed judicial opinions, or only accessed a total number of pages per quarter that did not total over $30 in charges. Plaintiff's accessing of documents in these ways would not have triggered charges previously.

For these reasons, the Court cannot find Plaintiff has been subject to an unreasonable burden in being charged fees, or that she has justified the need for a waiver of PACER fees at this time. *See Freeland v. Sacramento City Police Dep't*, 2009 WL 545994, at *5 (E.D. Cal. Mar. 4, 2009) (denying PACER exemption request where, among other things, request was unclear).

**ORDER**

The Court hereby ORDERS that Plaintiff's request for a PACER fee waiver (ECF No. 16) is DENIED.

Dated:  June 10, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, halo.839