UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>           Plaintiff,<br><br>    v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>           Defendants. | Case No. 2:23-cv-839-KJM-CSK<br><br>ORDER DISMISSING WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND, AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS IN PART AND DENY IN PART<br><br>(ECF No. 11) |

Plaintiff Shiela Halousek, who is proceeding in forma pauperis, asserts claims against Defendant California Public Employees' Retirement System ("CalPERS") and the State of California related to her pension payments.[1] (ECF No. 1.) Defendant CalPERS now moves to dismiss this case for lack of subject matter jurisdiction and as barred by the doctrine of claim preclusion. (ECF No. 11.)

For the reasons that follow, the Court DISMISSES without prejudice the 42 U.S.C. § 1983 claim against CalPERS and the State of California, GRANTS Plaintiff leave to file an amended complaint, and RECOMMENDS that Defendant's motion be GRANTED IN PART AND DENIED IN PART.

////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

## I. BACKGROUND

### A. Facts[2]

The Complaint refers to Plaintiff's various challenges to her employment and her alleged termination in 2013, and attaches Plaintiff's petition for writ of certiorari to the United States Supreme Court regarding these issues. *See* Compl., Exh. 1 (ECF No. 1). Because Plaintiff's prior employment and related challenges are not at issue in this federal lawsuit and are provided for context, only a brief summary is provided here. *See* Compl. Plaintiff previously raised disability discrimination claims, which were denied at multiple levels and in multiple different forums, including by the California State Personnel Board, the Sacramento Superior Court, the California Court of Appeal (Third Appellate District), the California Supreme Court, and the U.S. Supreme Court. *See* Compl.; *see also Halousek v. CalPERS*, 2018 WL 2075998, at *4 (Cal. App. May 4, 2018) (stating Plaintiff "was not free to ignore the administrative process and proceed to an FEHA action for damages in the trial court based on the same theories and issues")).[3]

The Complaint alleges that after CalPERS "forced" Plaintiff to retire, she received monthly pension payments by "direct deposit in the same way she had received her paycheck while working." Compl. at 7. "[T]oward the end of 2018," the Complaint alleges that Plaintiff stopped receiving her pension payments. *Id*. The Complaint alleges that CalPERS resumed issuing pension payments to Plaintiff on December 14, 2021 to an account at Discover Bank, though Plaintiff does not have an account at Discover Bank.[4]

---

[2] The Court construes the Complaint in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). The Court does not, however, rely on legal conclusions and factual allegations contradicted by documents in the record. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] The Court takes judicial notice of this state court decision regarding Plaintiff's employment claims. *See* Fed. R. Evid. 201.

[4] In its reply, CalPERS submitted a declaration from its employee in charge of pension payments, explaining that monthly payments to Plaintiff were stopped pursuant to CalPERS policy because Plaintiff did not cash three consecutive pension payments, payments resumed after CalPERS received a Power of Attorney signed by Plaintiff and a direct deposit form identifying the Discover Bank account for payment, and that

*Id*.

**B.     Procedural Posture**

Plaintiff filed her Complaint in this federal district court on May 5, 2023 against Defendant CalPERS and Defendant "State of California Department of Justice Office of the Attorney General." (ECF No. 1.) On May 17, 2023, the Court granted Plaintiff leave to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 3.) The Court subsequently granted Plaintiff additional time to complete service, and Plaintiff filed a notice indicating she submitted service documents to the U.S. Marshal on September 5, 2023. (ECF Nos. 7, 8, 10.) On September 20, 2023, CalPERS moved to dismiss, arguing that the Court lacks subject matter jurisdiction over the only asserted claim (18 U.S.C. § 242) and that any claims based on Plaintiff's prior employment cases are barred by the doctrine of claim preclusion. (ECF No. 11.) CalPERS also requested that the Court take judicial notice of various documents filed in Plaintiff's prior legal proceedings. (ECF No. 11-2.) Plaintiff filed an opposition on October 5, 2023, and CalPERS filed its reply on October 16, 2023. (ECF Nos. 12, 13.) Plaintiff filed a "rebuttal" to CalPERS's reply, disputing many of the factual assertions made by CalPERS. (ECF No. 15.)

The Court took the motion to dismiss under submission without a hearing pursuant to Local Rule 230(g). (ECF No. 14.) Upon the previous magistrate judge's retirement, the undersigned was reassigned to this case. (ECF No. 17.)

**II.     LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction and may hear only those cases

---

CalPERS has already paid Plaintiff all previously held monthly payments. Declaration of Jennifer Watson (ECF No. 13-1). Plaintiff filed a sur-reply without leave of court responding to CalPERS's reply and the Watson declaration. (ECF No. 15.) Because the Court's review of the motion to dismiss is limited to facts raised in the complaint and undisputed facts contained in judicially noticeable documents, the Court declines to consider facts submitted by the parties in their briefing on the motion to dismiss that were not raised in the Complaint or in judicially noticed documents. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

3

authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* Further, pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *Ritchie*, 342 F.3d at 908. This

includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents).

Upon dismissal of any claims, the court must tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### III. DISCUSSION

Liberally construing the Complaint in the light most favorable to Plaintiff as the non-moving party, the Complaint appears to attempt to plead two claims: (1) a claim based on 18 U.S.C. § 242; and (2) a due process claim pursuant to 42 U.S.C. § 1983. *See* Compl. at 4-7. The Complaint names two defendants: CalPERS and the State of California. *See* Compl. at 1.

CalPERS moves to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) based on two arguments: (1) the Court lacks subject matter jurisdiction over the 18 U.S.C. § 242 claim; and (2) claim preclusion bars the Complaint because it raises the same claims previously raised and adjudicated in Plaintiff's prior employment actions. *See* Def. Mot. Dismiss ("MTD").

#### A. Record Issues

There are three record issues that must be resolved before analyzing the motion to dismiss. First, Plaintiff filed a sur-reply without seeking or receiving leave of court to do

1  so. (ECF No. 15.) Though Plaintiff failed to seek or receive leave of court before filing her
2  sur-reply and sur-replies are generally disfavored, *see* E.D. Cal. Local Rule 230(m), the
3  Court will accept Plaintiff's sur-reply because Plaintiff is proceeding without counsel.
4  Going forward, Plaintiff is warned not to file sur-replies or additional briefs besides those
5  permitted in the Federal Rules of Civil Procedure or the Local Rules unless Plaintiff first
6  seeks and receives leave of court to do so.

7        Second, in their briefing on the motion to dismiss, both CalPERS and Plaintiff
8  submitted facts that are outside the Complaint and are not subject to judicial notice. (*See*
9  ECF Nos. 12, 13, 13-1, 15.) Because the Court's review of the motion to dismiss is
10  limited to facts raised in the Complaint and undisputed facts contained in judicially
11  noticeable documents, *see Ritchie*, 342 F.3d at 908; *Broam*, 320 F.3d at 1026 n.2, the
12  Court declines to consider facts submitted by the parties in their briefing that were not
13  raised in the Complaint or in judicially noticed documents. *See also* footnote 4 above.

14        Finally, in support of its motion to dismiss, CalPERS requests that the Court take
15  judicial notice of various filings in Plaintiff's prior administrative, state court, and federal
16  court proceedings. (ECF No. 11-2.) The court may take judicial notice of "a fact that is
17  not subject to reasonable dispute" that is "generally known within the court's territorial
18  jurisdiction" or "can be accurately and readily determined from sources whose accuracy
19  cannot reasonably be questioned." Fed. R. Evid. 201. The court "may take judicial notice
20  of undisputed matters of public record, including documents on file in federal or state
21  courts." *Harris*, 682 F.3d at 1132 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689
22  (9th Cir. 2001)); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). The
23  Court notes that taking judicial notice of these documents does not convert the motion to
24  dismiss to a motion for summary judgment. *Ritchie*, 342 F.3d 903, 908. As described
25  above, the Court declines to consider the facts submitted by both parties that are not
26  proper for judicial notice and are outside the complaint. The Court therefore grants
27  CalPERS's request to take judicial notice of the filings in Plaintiff's prior administrative,
28  state court, and federal court proceedings. *See* Fed. R. Evid. 201; *Harris*, 682 F.3d at

1132; *King*, 561 F. Supp. 3d at 910.

### B.     Dismiss 18 U.S.C. § 242 Claim

CalPERS moves to dismiss the 18 U.S.C. § 242 claim. *See* Def. MTD at 6-7; Compl. at 5. 18 U.S.C. § 242 is a federal criminal statute that makes it a crime for a person acting "under color of any law" to deprive another of "any rights, privileges, or immunities secured or protected by the Constitution[.]" There is no private right of action for violation of a criminal statute, which means that Plaintiff, as a private citizen, cannot bring a claim pursuant to 18 U.S.C. § 242. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). The Court recommend that CalPERS's motion to dismiss be granted in part and that this claim is dismissed with prejudice as amendment would be futile.[5] *See id.*; *Lathus*, 56 F.4th at 1243.

### C.     Dismiss Section 1983 Claim Against Defendants State of California and CalPERS

In addition to the 18 U.S.C. § 242 claim, the Complaint also alleges a due process claim pursuant to 42 U.S.C. § 1983 against the State of California and CalPERS. Though the Complaint names the State of California as a defendant, the Complaint does not raise any factual allegations against the state. *See* Compl. As a result, the Court's May 17, 2023 initial screening order pursuant to 28 U.S.C. § 1915 indicated that service would not be ordered on the State of California.[6] 5/17/2023 Order at 2, 2 n.2 (ECF No. 3).[7] In Plaintiff's opposition and sur-reply, however, Plaintiff refers to defendants plural (rather than just CalPERS) and also states that "Plaintiff is bringing suit against the State of California, and its subdivision, CalPERS, for willful violations of Plaintiff's civil rights

---

[5] It is concerning that it appears that Plaintiff has been previously instructed in another lawsuit she filed in this federal district court that she may not bring a claim based on criminal law. *See Halousek v. Souza*, 2019 WL 1953470, at *2 (E.D. Cal. May 2, 2019) (granting in forma pauperis status and recommending dismissal with prejudice), report and recommendation adopted, 2019 WL 3366566 (E.D. Cal. June 13, 2019).

[6] A review of the docket indicates that Defendant State of California has not made an appearance or responded to the Complaint. *See* Docket.

[7] Though the May 17, 2023 Order concluded that "[s]ervice will not be ordered" on the state, the order did not clearly dismiss the state. *See* 5/17/2023 Order at 2 n.2.

under the United States Constitution." *See* Pl. Opp. at 11 (ECF No. 12); Pl. Sur-Reply at 3.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court "shall dismiss" a case proceeding in forma pauperis "at any time" if it "fails to state a claim on which relief may be granted." The Court therefore sua sponte dismisses without prejudice the Section 1983 claim against Defendant State of California for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). First, no factual allegations are made against California in the Complaint, and therefore Rule 8 pleading standards are not met. *See* Compl.; Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Second, and more critically, Plaintiff attempts to allege a due process claim against the state pursuant to 42 U.S.C. § 1983. *See* Compl. at 2, 4, 6. A Section 1983 claim, however, cannot be brought against a state because a state is not a "person" for purposes of Section 1983 due to a state's sovereign immunity under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).

Plaintiff also attempts to plead a Section 1983 due process claim against CalPERS, which the Complaint alleges "is a subdivision of the State of California." Compl. at 2. Because the Complaint pleads that CalPERS is an arm of the state of California and the Court must accept this factual allegation as true, *see Mollett,* 795 F.3d at 1065, the Section 1983 claim against CalPERS is also barred by the Eleventh Amendment. *See Arizonans for Official English*, 520 U.S. at 69; *Cortez*, 294 F.3d at 1188. Apart from the Complaint's allegation that CalPERS is a subdivision of the state, many California district courts, including this district, have held that CalPERS is an arm of the state for purposes of Eleventh Amendment immunity. *See Loc. 101 of the Am. Fed'n of State, Cnty. & Mun. Emps. v. Brown*, 2015 WL 5316296, at *8 (N.D. Cal. Sept. 11, 2015); *Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1072 (E.D. Cal. 2013); *Barroga v. Bd. of Admin. Cal. Pub. Emps.' Ret. Sys.*, 2012 WL 5337326, at *5 (E.D. Cal. Oct. 26,

2012); *Cal. Pub. Emps. Ret. Sys. v. Moody's Corp.*, 2009 WL 3809816, at *6 (N.D. Cal. Nov. 10, 2009). Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses without prejudice the § 1983 claim against Defendant CalPERS for failure to state a claim upon which relief can be granted. Dismissal is without prejudice to provide Plaintiff with the opportunity to amend her Complaint, and if such an amended complaint raises a Section 1983 claim against CalPERS, to give the parties the opportunity to directly address whether CalPERS is entitled to Eleventh Amendment immunity.[8]

### D. Claim Preclusion Does Not Apply

CalPERS contends that the entire Complaint should be dismissed with prejudice under the doctrine of claim preclusion, arguing that any asserted claims are based on the same facts and allegations that were adjudicated in Plaintiff's previous employment cases before the California State Personnel Board, the state court, and the U.S. Supreme Court. *See* Def. MTD at 12-15. CalPERS provides records from the administrative and court proceedings, for which the Court has granted the request for judicial notice. (*See* ECF No. 11-2.) Because this argument is an affirmative defense for CalPERS, the Court makes the following findings and recommends denying the motion on this ground.[9]

The claim preclusion doctrine is used "to protect the finality of decisions and prevent the proliferation of litigation" by ending a properly litigated claim between parties. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002). Federal courts must give a state court judgment the same preclusive effect as would be given by the state court. *Migra v. Warren City School Dist. Bd. of Educ*, 465 U.S. 75, 81 (1984).

---

[8] The Court notes that in CalPERS's motion to dismiss the Complaint in its entirety, CalPERS does not address Eleventh Amendment immunity. Because Plaintiff is proceeding in forma pauperis, the Court properly addresses this issue sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides the court "shall dismiss" a case proceeding in forma pauperis "at any time" if it "fails to state a claim on which relief may be granted."

[9] *See* Fed. R. Civ. P. 72(b)(1) (findings and recommendations for pretrial matters dispositive of a defense).

Though CalPERS argues that the Complaint raises Plaintiff's prior employment-related claims, this is incorrect and the Court therefore declines to address the claim preclusion elements. The Complaint's claims focus on allegations regarding the stopping and resuming of Plaintiff's pension payments without due process. Compl. at 7 (claim alleging that "CalPERS stopping and resuming her pension payments were done without notice to Plaintiff, or due process"); *see also* Pl. Opp. at 4 (Complaint "is not directed toward her past employment with [CalPERS], nor their [alleged] wrongful termination of her, but CalPERS subsequent illegal non-payment of her pension and then later resumption of her pension payments in a manner that continued to deny Plaintiff access to her pension payments"). These allegations necessarily arise <u>after</u> Plaintiff's employment, and therefore are different and separate from Plaintiff's prior employment-related claims. While the Complaint does reference Plaintiff's prior employment claims regarding alleged disability discrimination and termination, and also attaches Plaintiff's certiorari petition, these references provide context for the claims raised in this Complaint regarding Plaintiff's pension payments. The Complaint does not re-litigate Plaintiff's prior employment claims.

In the event that Plaintiff elects to file an amended complaint as provided for below, Plaintiff is cautioned against including any claims that were previously litigated or resolved in administrative proceedings, state court, or federal court. Plaintiff must follow the instructions and limitations provided below.

### E.     Leave to Amend

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus*, 56 F.4th at 1243. To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as facts raised in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam*, 320 F.3d at 1026 n.2.

The Court grants Plaintiff leave to amend her Complaint limited to alleging a due process claim pursuant to 42 U.S.C. § 1983 based on the alleged failure to provide adequate procedural protections in the payment of her pension benefits. "A section 1983 claim based upon procedural due process ... has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). In providing Plaintiff leave to amend her Complaint, the Court is not making a finding as to whether and who would be a proper defendant for such a claim.

A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff elects to file an amended complaint, it must be filed within thirty (30) days of the service of this Order and it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed.

**IV. CONCLUSION**

**A. Order**

Accordingly, the Court ORDERS that:

1. The Complaint's 42 U.S.C. § 1983 claim against Defendants State of California and Defendant CalPERS is dismissed without prejudice; and

     2.       Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Eastern District of California's Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint"; and Plaintiff is cautioned that failure to file an amended complaint will result in a recommendation that this action be dismissed.

### B. Findings and Recommendations

Accordingly, the Court RECOMMENDS that Defendant CalPERS's motion to dismiss (ECF No. 11) be GRANTED IN PART AND DENIED IN PART as follows:

     1.       Defendant's motion to dismiss Plaintiff's claim under 18 U.S.C. § 242 be granted and that the 18 U.S.C. § 242 claim be **DISMISSED WITH PREJUDICE**; and

     2.       Defendant's motion to dismiss the entire Complaint on the ground of claim preclusion be **DENIED**.

The findings and recommendations in Sections III.B, III.D, and IV.B above are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 28, 2024

                                                                         CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE