UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>  Defendants. | Case No. 2:23-cv-00839-DC-CSK<br><br>FINDINGS & RECOMMENDATIONS TO GRANT MOTION TO DISMISS<br><br>(ECF No. 24) |

Plaintiff Shiela Halousek, who is proceeding in forma pauperis, asserts claims in her first amended complaint ("FAC") against Defendant California Public Employees' Retirement System ("CalPERS") and the State of California related to her pension payments.[1] (ECF No. 23.) Defendant CalPERS moves to dismiss this case for lack of subject matter jurisdiction. (ECF No. 24.)

For the reasons that follow, the Court RECOMMENDS that Defendant's motion be GRANTED and that Plaintiff's claims be dismissed with prejudice.

/ / /

/ / /

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

## I. BACKGROUND

### A. Facts[2]

The FAC refers to Plaintiff's various challenges to her employment and her alleged forced retirement in 2013. *See* FAC (ECF No. 1). Because Plaintiff's prior employment and related challenges are not at issue in this federal lawsuit and are provided for context, only a brief summary is provided here. *See id.* Plaintiff previously raised disability discrimination claims, which were denied at multiple levels and in multiple different forums, including by the California State Personnel Board, the Sacramento Superior Court, the California Court of Appeal (Third Appellate District), and the U.S. Supreme Court. *See* FAC; *see also Halousek v. CalPERS*, 2018 WL 2075998, at *4 (Cal. App. May 4, 2018) (stating Plaintiff "was not free to ignore the administrative process and proceed to an FEHA action for damages in the trial court based on the same theories and issues")).[3]

The FAC alleges that CalPERS deprived Plaintiff of her pension payments without advance notice. FAC at 17. Attached to her FAC, Plaintiff includes the Declaration of Jennifer Watson, which was attached to CalPERS's reply to the first motion to dismiss. *Id.* at 34-36; *see* Jennifer Watson Decl. (ECF No. 13-1). Plaintiff alleges that she always had her checks deposited electronically, contrary to what was stated in the Watson declaration. FAC at 17-18. After holding Plaintiff's checks for almost three years, Plaintiff states that CalPERS resumed payments to an account she had no knowledge of, without notice. *Id.* at 18. Plaintiff states that on May 3, 2023, she was "utterly stunned" to learn that CalPERS has resumed issuing her pension payments on December 14, 2021 to an account at Discover Bank, where Plaintiff "does not, nor ever has, had an account." *Id.* at 19.

---

[2] The Court construes the FAC in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). The Court does not, however, rely on legal conclusions and factual allegations contradicted by documents in the record. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] The Court takes judicial notice of this state court decision regarding Plaintiff's employment claims. *See* Fed. R. Evid. 201.

B.     **Procedural Posture**

Plaintiff filed her initial complaint in this federal district court on May 5, 2023 against Defendant CalPERS and Defendant "State of California Department of Justice Office of the Attorney General." (ECF No. 1.) On May 17, 2023, the Court granted Plaintiff leave to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. (ECF No. 3.) The Court subsequently granted Plaintiff additional time to complete service, and Plaintiff filed a notice indicating she submitted service documents to the U.S. Marshal on September 5, 2023. (ECF Nos. 7, 8, 10.) On September 20, 2023, CalPERS moved to dismiss the original complaint. (ECF No. 11.) The Court issued an order and findings and recommendations, dismissing the first complaint without prejudice and granting plaintiff thirty days to file an amended complaint. 7/1/2024 Order and F&Rs (ECF No. 19). The Court also recommended that the motion to dismiss be granted in part and denied in part. *Id.* Plaintiff filed objections to the findings and recommendations, and also filed the FAC, before the District Judge ruled on the findings and recommendations. (ECF Nos. 22, 23). On August 14, 2024, Defendant CalPERS filed the instant motion to dismiss. (ECF No. 24.) On October 8, 2024, the District Judge issued an order denying CalPERS's first motion to dismiss as moot in light of Plaintiff's FAC. (ECF No. 25.)

The Court took the instant motion to dismiss under submission without a hearing because Plaintiff did not file an opposition. (ECF No. 27.)

II.     **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the

merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* Further, pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents).

## III. DISCUSSION

Liberally construing the FAC in the light most favorable to Plaintiff as the non-moving party, the FAC appears to attempt to plead two claims: (1) a claim based on 18 U.S.C. § 242 (FAC at 9-10); and (2) a due process claim pursuant to 42 U.S.C. § 1983 (*id.* at 2, 12-13). Plaintiff also requests punitive damages. *See* FAC at 14. The FAC includes various legal arguments that do not raise legal claims, which the Court will not consider. *Id.* at 3-4, 18. The FAC names two defendants: CalPERS and the State of California. *See* FAC at 1.

CalPERS moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* CalPERS Mot. Dismiss ("MTD") (ECF No. 24-1). CalPERS argues that it has immunity under the Eleventh Amendment. *Id.*

### A. 18 U.S.C. § 242 Claim

CalPERS moves to dismiss the 18 U.S.C. § 242 claim because the Court already dismissed the claim with prejudice, and that any new claims Plaintiff brings in the FAC should be dismissed for failure to comply with the Court's 7/1/2024 Order and Findings and Recommendations. MTD at 4-5. However, because CalPERS's initial motion to dismiss was denied as moot by the district judge (ECF No. 25), the Court will not address arguments based on the Court's 7/1/2024 Order and Findings and Recommendations.

18 U.S.C. § 242 is a federal criminal statute that makes it a crime for a person acting "under color of any law" to deprive another of "any rights, privileges, or immunities secured or protected by the Constitution[.]" There is no private right of action for violation of a criminal statute, which means that Plaintiff, as a private citizen, cannot bring a claim pursuant to 18 U.S.C. § 242. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). The Court recommends that CalPERS's motion to dismiss be granted and that this claim is dismissed with prejudice as amendment would be futile. *See id.*; *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). The Court also notes that Plaintiff has already been previously instructed in another lawsuit she filed in

this federal district court that she may not bring a claim based on criminal law. *See Halousek v. Souza*, 2019 WL 1953470, at *2 (E.D. Cal. May 2, 2019) (granting in forma pauperis status and recommending dismissal with prejudice), report and recommendation adopted, 2019 WL 3366566 (E.D. Cal. June 13, 2019).

### B. Section 1983 Claim Against Defendants State of California and CalPERS

In addition to the 18 U.S.C. § 242 claim, the FAC also alleges a due process claim pursuant to 42 U.S.C. § 1983 against the State of California and CalPERS. The only allegation Plaintiff makes against the State of California is that it has a "fiduciary responsibility" to supervise its subdivisions and that it has been negligent in its duty to supervise CalPERS. FAC at 13. Plaintiff also refers to defendants plural (rather than just CalPERS) and states that "Plaintiff brings this complaint for damages against [CalPERS], a subdivision of the State of California, and the State of California for violations of Plaintiff's Federal Civil Right to Due Process." FAC at 2. Because the initial Complaint did not raise any factual allegations against the state, the Court's May 17, 2023 initial screening order pursuant to 28 U.S.C. § 1915 indicated that service would not be ordered on the State of California.[4] 5/17/2023 Order at 2, 2 n.2 (ECF No. 3).[5]

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court "shall dismiss" a case proceeding in forma pauperis "at any time" if it "fails to state a claim on which relief may be granted." The Court therefore sua sponte dismisses with prejudice the § 1983 claim against Defendant State of California for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). First, while Plaintiff alleges that California has been negligent in its duty to supervise CalPERS, Plaintiff provides no facts to support this, and therefore Rule 8 pleading standards are not met. *See* FAC; Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[4] A review of the docket indicates that Defendant State of California has not made an appearance or responded to the Complaint. *See* Docket.
[5] Though the May 17, 2023 Order concluded that "[s]ervice will not be ordered" on the state, the order did not clearly dismiss the state. *See* 5/17/2023 Order at 2 n.2.

6

544, 555-57 (2007). Second, and more critically, Plaintiff attempts to allege a due process claim against the state pursuant to 42 U.S.C. § 1983. *See* FAC at 2, 11, 13. A § 1983 claim, however, cannot be brought against a state because a state is not a "person" for purposes of § 1983 due to a state's sovereign immunity under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).

   Plaintiff argues that 28 U.S.C. § 1915(e) was misapplied to her in the Court's 7/1/2024 Order and Findings and Recommendations, because she is not a prisoner. FAC at 6-9. Plaintiff is incorrect. 28 U.S.C.§ 1915 is not limited to prisoners. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."). Therefore, the Court rejects this argument.

   Plaintiff also attempts to plead a § 1983 due process claim against CalPERS, which the FAC alleges "is a subdivision of the State of California." FAC at 2. In its motion, CalPERS argues that it is immune from suit under the Eleventh Amendment and that it has not waived this immunity. CalPERS MTD at 5-7. Because the FAC pleads that CalPERS is an arm of the state of California and the Court must accept this factual allegation as true, *see Mollett*, 795 F.3d at 1065, the § 1983 claim against CalPERS is also barred by the Eleventh Amendment. *See Arizonans for Official English*, 520 U.S. at 69; *Cortez*, 294 F.3d at 1188. Apart from the FAC's allegations that CalPERS is a subdivision of the state, many California district courts, including this district, have held that CalPERS is an arm of the state for purposes of Eleventh Amendment immunity. *See Loc. 101 of the Am. Fed'n of State, Cnty. & Mun. Emps. v. Brown*, 2015 WL 5316296, at *8 (N.D. Cal. Sept. 11, 2015); *Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1072 (E.D. Cal. 2013); *Barroga v. Bd. of Admin. Cal. Pub. Emps.' Ret. Sys.*, 2012 WL 5337326, at *5 (E.D. Cal. Oct. 26, 2012); *Cal. Pub. Emps. Ret. Sys. v. Moody's Corp.*, 2009 WL 3809816, at *6 (N.D. Cal. Nov. 10, 2009). The Court recommends dismissing the § 1983 claim against Defendant CalPERS for failure to state a claim upon which relief can be granted.

### C. Other Arguments

Plaintiff seeks punitive damages. FAC at 14. Punitive damages under § 1983 are not available against government entities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990, 998 (N.D. Cal. 2005). Plaintiff's request for punitive damages is therefore dismissed.

Plaintiff also states that CalPERS violated her privacy rights under the California Constitution. FAC at 18. Because the Court recommends dismissal of Plaintiff's federal claims, the Court declines to exercise jurisdiction over any potential state law claims. *See Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

### D. Leave to Amend

Upon dismissal of any claims, the court must tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

The Court recommends dismissing Plaintiff's FAC without leave to amend because amendment would be futile. Plaintiff was already given an opportunity to amend her original complaint, which did not cure the defects outlined in the Court's 7/1/2024 Order and Findings and Recommendations. (ECF No. 19.) As described above, Plaintiff was previously informed that she cannot bring a 18 U.S.C. § 242 claim, which is a criminal statute. Further, Plaintiff's § 1983 claims against both the State of California and CalPERS are barred by Eleventh Amendment immunity. The Court finds that further leave to amend would be futile.

///

8

## IV. CONCLUSION

Accordingly, the Court RECOMMENDS that as follows:

1. Defendant CalPERS's motion to dismiss (ECF No. 24) be GRANTED and Plaintiff's claims be dismissed with prejudice; and

2. The Clerk of the Court be directed to CLOSE this case.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, halo.0839.23